UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS BYRON,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>WASHOE COUNTY MAIL ROOM,<br><br>　　　　　　　　　　Defendant. | Case No. 3:22-cv-00319-ART-CSD<br><br>ORDER |

## I. DISCUSSION

### A. ECF No. 6

On September 2, 2022, the Court screened Plaintiff's civil rights complaint under 28 U.S.C. § 1915A. The Court dismissed the complaint in its entirety, without prejudice, because the complaint did not state any colorable claims and the only Defendant, Washoe Count Mail Room, is not a "person" subject to liability under Section 1983. (ECF No. 3 at 3-5.) The Court noted that if Plaintiff wished, he could file a properly supported and complete motion for the Court to issue a Rule 45 Subpoena duces tecum. (*Id.* at 4.) The Court instructed Plaintiff that he must attach a copy of his proposed subpoena to any motion and that "the motion must clearly identify the documents that would have the information Plaintiff is seeking and explain why the documents and information would be available from the company, entity, or person that is the target of the subpoena." (*Id.* n.1)

Plaintiff has filed a "Motion to Disclose Information." (ECF No. 6.) In the motion, Plaintiff requests the disclosure of the names of everyone in the mail room department at "Washoe County Sheriff's Office Detention Facility." Plaintiff did not attach a proposed subpoena to his motion, nor did the motion identify

1

any individuals upon whom a subpoena would be served. Accordingly, the Court denies Plaintiff's motion without prejudice. If Plaintiff wishes to file a motion for the Court to issue a Rule 45 Subpoena duces tecum, he must attach a copy of his proposed Rule 45 subpoena(s) to his motion, and his motion must clearly identify the documents that would have the information Plaintiff is seeking and explain why the documents and information would be available from the company, entity, or person that is the target of the subpoena. Plaintiff is directed to carefully review Rule 45 of the Federal Rules of Civil Procedure before filing such a motion.

### B.   ECF No. 7

Plaintiff has also filed a motion for appointment of counsel. (ECF No. 7.) The motion appears to refer to an attached memorandum, but no such memorandum was included. (*Id.*) Nonetheless, the Court will consider the motion. A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.* In this case, the Court does not find exceptional circumstances that warrant the appointment of counsel. The Court denies the motion for appointment of counsel without prejudice.

//
//

**II.  CONCLUSION**

It is therefore ordered that Plaintiff's motion "To Disclose Information" (ECF No. 6) is denied without prejudice.

It is further ordered that Plaintiff's motion for appointment of counsel (ECF No. 7) is denied without prejudice.

DATED THIS 8th day of November 2022.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE